# Exhibit "A"

THE VESPI LAW FIRM, LLC
Jared E. Drill – 00470-2000
547 Union Boulevard, Second Floor
Totowa, New Jersey 07512
TEL: 973-633-1000
Attorneys for Plaintiffs

| | |
|---|---|
| KENNETH WIATRAK and RONA WIATRAK, *per quod*<br><br>Plaintiff(s),<br><br>vs.<br><br>NATCO HOME, FLEMISH MASTER WEAVERS, BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS1-10, AND JOHN/JANE DOES 1-10 (last five names being fictitious and presently unknown),<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br>DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND and DISCOVERY DEMANDS** |

Plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, residing at 7 Navajo Avenue, Wayne, New Jersey, states the following by way of complaint against the Defendants, jointly, severally and/or in the alternative, hereby say:

### FACTS APPLICABLE TO ALL COUTNS

1. On December 13, 2016, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, purchased a "comfort mat" area rug (hereinafter referred to as "area rug"), at defendant, BJ'S WHOLESALE CLUB HOLDINGS, INC.

{00170092; 1}

2. On March 11, 2018, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, were the owners of a "comfort mat" area rug (hereinafter referred to as "area rug"), which was placed on the floor inside their home.

3. On March 11, 2018, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, were the intended users of the subject area rug.

4. On March 11, 2018, plaintiff, KENNETH WIATRAK, was walking in his home, and over the area rug, when suddenly and unexpectedly, the defective, dangerous and unsafe area rug caused him to slip and fall, causing Plaintiff serious permanent injuries.

5. Upon information and belief, the subject area rug and/or its component parts were manufactured at a discounted cost, resulting in an inferior quality and workmanship of the product.

6. At all times relevant hereto, the subject area rug and/or its component parts could have been manufactured, designed, altered and/or replaced with other alternative design options at an insignificant cost, and which would have and could have safeguarded against and prevented such accidents and provided a safe design to protect users from injury.

7. Upon information and belief, the subject area rug and/or its component parts were never examined prior to distribution.

8. At all times relevant hereto, the defendants, NATCO HOME and/or FLEMISH MASTER WEAVERS, were and are corporations, business organizations or other business entities authorized to do business and were doing business in the state of New Jersey who put their product into the stream of commerce in the County of Passaic, in the State of New Jersey.

9. At all times relevant hereto, defendants, NATCO HOME and/or FLEMISH MASTER WEAVERS, held themselves out to be competent in the manufacturing, designing,

{00170092; 1}  2

assembling, suppling, licensing, marketing, distribution and/or sale of home textiles, including but not limited to area rugs, including the subject defective, dangerous, egregiously unsafe and ultra-hazardous area rug and/or its component parts, in use by the Plaintiffs on the date of the incident in question.

10. At all times relevant hereto, the defendant, BJ'S WHOLESALE CLUB HOLDINGS, INC., was and is a corporation, business organizations or other business entity authorized to do business and/or was doing business in the State of New Jersey and held themselves out to be a business competent in suppling, marketing, distribution and/or sale of home textiles, including its component parts, and specifically the subject defective, dangerous, egregiously unsafe and ultra-hazardous area rug, in use by the Plaintiffs on the date of the incident in question.

11. At all times relevant hereto, the defendants, ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS 1-10, AND JOHN/JANE DOES 1-10 (last five names being fictitious and presently unknown), were and are owners, contractors and/or persons and companies involved in the manufacture, design, assembly, supply, licensing, marketing, distribution and/or sale of area rug and its component parts thereon, including the subject defective, dangerous, egregiously unsafe and ultra-hazardous area rug, in use by the Plaintiffs on the date of the incident in question.

## FIRST COUNT
## PRODUCT LIABILITY

12. The plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, repeat and reallege each and every allegation of the Facts Applicable to All Counts as if fully set forth herein at length.

13. At all times relevant hereto, the aforementioned area rug and/or its component parts were at the time of design, manufacture, distribution, supply, sale and/or delivery and thereafter, in a defective, dangerous, egregiously unsafe and/or ultra-hazardous condition and not reasonably suitable or safe for their intended or ordinary use and the materials accompanying the area rug and failed to adequately protect users of the area rug of its inherent defects.

14. At all times relevant hereto, the area rug and/or its component parts, which caused the aforesaid harm to the Plaintiffs, was not reasonably fit, suitable or safe for its intended purpose because said area rug:

   a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae; and/or

   b. failed to contain adequate protections; and/or

   c. was designed in a defective and inferior manner; and/or

   d. failed to use alternative designs or parts to make such product safe;

all in violation of NJSA 2A:58C-1, 2A:58C-2, et seq.

15. By reason of the defective, careless and negligent design, manufacture, assembly, construction, distribution, marketing and sale into the stream of commerce of this area rug and/or its component parts, Defendants, individually and in concert, are liable in strict products liability to the Plaintiffs and pursuant to the provisions of N.J.S.A. 2A:58C-1, 2A:58C-2, et seq.

16. The aforesaid personal injuries and damages were caused solely as a result of the careless, negligent, wanton and willful manner in which Defendants designed, manufactured,

{00170092;1}

4

distributed, and marketed, area rug and/or its component parts and without any negligence on the part of Plaintiffs contributing hereto.

17. The Plaintiffs herein were within the ambit and class of foreseeable users of this area rug and/or its component parts and such Plaintiffs were using the product for its intended use and performing an act for which the product was reasonably foreseeable to be used.

18. As a direct and proximate result of the aforesaid liability of the Defendants, the plaintiff, KENNETH WIATRAK, sustained severe and permanent disfigurement, endured great pain, suffering and emotional anguish, incurred, and in the future will incur, medical and surgical expenses in an effort to cure himself of his injures, and was prevented from attending to his regular pursuits and activities.

**WHEREFORE**, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, demand judgment on this count against the defendants, NATCO HOME, FLEMISH MASTER WEAVERS, BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS 1-10, AND JOHN/JANE DOES 1-10 (last five names being fictitious and presently unknown), jointly, severally, and alternatively, for compensatory damages, interest and costs of suit.

## SECOND COUNT
## PRODUCT LIABILITY

19. The plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, repeat and reallege each and every allegation of the Facts Applicable to All Counts and First Count as if fully set forth herein at length.

20. Defendants did not perform appropriate laboratory tests prior to marketing and distributing the area rug and/or its component parts.

21. Defendants failed to give Plaintiff and other users of the area rug and/or its component parts, adequate warning of the nature and extent of the dangers resulting from the use of the area.

22. The failure of Defendants to perform adequate testing and to give the appropriate information, warnings, and directions was a direct and proximate cause of Plaintiffs' injuries and damages.

23. As a direct and proximate result of the aforesaid liability of the Defendants, the plaintiff, KENNETH WIATRAK, sustained severe and permanent disfigurement, endured great pain, suffering and emotional anguish, incurred, and in the future will incur, medical and surgical expenses in an effort to cure himself of his injuries, and was prevented from attending to his regular pursuits and activities.

**WHEREFORE**, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, demand judgment on this count against the defendants, NATCO HOME, FLEMISH MASTER WEAVERS, BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS 1-10, AND JOHN/JANE DOES 1-10 (last five names being fictitious and presently unknown), jointly, severally, and alternatively, for compensatory damages, interest and costs of suit.

### THIRD COUNT
### PRODUCT LIABILITY

24. The plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, repeat and reallege each and every allegation of the Facts Applicable to All Counts and First and Second Counts as if fully set forth herein at length.

25. The defendants, ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS1-10, AND JOHN/JANE DOES 1-10 (last

{00170092; 1}  6

five names being fictitious and presently unknown), are individuals and business entities whose identities are unknown, and who are responsible, individually and in concert, for acts identical to those set forth in the First Count of the complaint, resulting to in injuries to the plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*.

26. As a direct and proximate result of the aforesaid wrongful actions by defendants, ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS1-10, AND JOHN/JANE DOES 1-10 (last five names being fictitious and presently unknown), giving rise to liability in accordance with NJSA 2A:58C-1 et seq., the Plaintiffs sustained injuries and other damages as previously set forth herein at length.

27. The Plaintiffs herein were within the ambit and class of foreseeable users of this defectively, egregiously unsafe and ultra-hazardous designed, area rug and/or its component parts, and Plaintiffs were using the product for its intended use and performing an act for which the product was intended.

**WHEREFORE**, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, demand judgment on this count against the defendants, NATCO HOME, FLEMISH MASTER WEAVERS, BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS 1-10, AND JOHN/JANE DOES 1-10 (LAST FIVE NAMES BEING FICTITIOUS AND PRESENTLY UNKNOWN), jointly, severally, and alternatively, for compensatory damages, interest and costs of suit.

## FOURTH COUNT
## BREACH OF WARRANTY

28. Plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, repeat and reallege each and every allegation of the Facts Applicable to All Counts, First, Second and Third Counts as if fully set forth herein at length.

29. Defendants, NATCO HOME, FLEMISH MASTER WEAVERS, BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS1-10, AND JOHN/JANE DOES 1-10 (last five names being fictitious and presently unknown), expressly and/or impliedly warranted and represented to the plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod,* and all foreseeable users that the defective, egregiously unsafe and ultra-hazardous area rug and/or its component parts, that such area rug and/or its component parts were of merchantable quality and was safe and fit for the ordinary purposes and uses.

30. Plaintiffs relied upon the Defendants' expressed and implied warranties of merchantability and fitness for a particular purpose.

31. The warranties and representations by the Defendants were false, misleading, inaccurate and otherwise untrue and the subject area rug and/or its component parts were not of merchantable quality and was in fact defective, egregiously unsafe and ultra-hazardous.

32. By reason of the foregoing, Defendants breached their implied warranty of merchantability and fitness for a particular purpose and all other pertinent provisions of N.J.S.A. 2A:58C-1 et seq.

33. As a direct and proximate result of the aforementioned breach of warranties, the plaintiff, KENNETH WIATRAK, sustained severe and permanent disfigurement, endured great pain, suffering and emotional anguish, incurred, and in the future will incur, medical and surgical

expenses in an effort to cure himself of his injures, and was prevented from attending to his regular pursuits and activities.

**WHEREFORE**, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, demand judgment on this count against the defendants, NATCO HOME, FLEMISH MASTER WEAVERS, BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS 1-10, AND JOHN/JANE DOES 1-10 (LAST FIVE NAMES BEING FICTITIOUS AND PRESENTLY UNKNOWN), jointly, severally, and alternatively, for compensatory damages, interest and costs of suit.

### FIFTH COUNT
### PER QUOD

34. Plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, repeat and reallege each and every allegation contained in the Facts Applicable to All Counts, First, Second, Third and Fourth Counts as if fully set forth herein at length.

35. Plaintiff, RONA WIATRAK, was, and at all times mentioned herein was, the legal wife of the plaintiff, KENNETH WIATRAK and as such she is entitled to his love, services, and consortium, all of which she has been deprived of due to the negligence of the defendants.

36. As a result of the injuries suffered by her husband as aforesaid, the plaintiff, RONA WIATRAK, has and will in the future be forced to expend large sums of money for medical expenses for his wife, has and will in the future suffer the loss of the usual services of her husband, and has been required to provide special services to care for him.

**WHEREFORE**, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, demand judgment on this count against the defendants NATCO HOME, FLEMISH MASTER

WEAVERS, BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS 1-10, AND JOHN/JANE DOES 1-10 (LAST FIVE NAMES BEING FICTITIOUS AND PRESENTLY UNKNOWN), jointly, severally, and alternatively, for compensatory damages, interest and costs of suit.

**SIXTH COUNT**
**MEDICAL BILLS**

37.     Plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, repeat and reallege each and every allegation contained in the Facts Applicable to All Counts, First, Second, Third, Fourth and Fifth Counts as if fully set forth herein at length.

38.     As a direct and proximate result of the negligence, liability and conduct of all the Defendants, the plaintiff, KENNETH WIATRAK, was caused to sustain and did sustain serious and permanent disfiguring injuries requiring the care and treatment of physicians, hospitalization, medication and surgical intervention and has been and will in the future continue to be hampered in his daily routine due to the permanent nature of his injuries.

39.     As a direct and proximate result of the negligence, liability and conduct of all the Defendants, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, were painfully and permanently injured psychologically and emotionally, incurred, and in the future will incur, medical expenses in an effort to cure themselves of their injuries and was otherwise prevented from attending to their regular pursuits, education and duties.

40.     As a direct and proximate result of the negligence, liability and conduct of all the Defendants, Plaintiffs have been forced to incur medical expenses, including but not limited to deductibles, out-of-pocket expenses, medical bills which were reasonable, customary, necessary, and casually related to the subject accident and any other liens related to this accident.

41. As a result of these actions, Plaintiffs have suffered damages.

**WHEREFORE**, plaintiffs, KENNETH WIATRAK and RONA WIATRAK, *per quod*, demand judgment on this count against the defendants NATCO HOME, FLEMISH MASTER WEAVERS, BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CORPORATIONS 1-10, ABC DISTRIBUTORS 1-10, ABC MANUFACTURERS 1-10, DEF DESIGNERS 1-10, AND JOHN/JANE DOES 1-10 (LAST FIVE NAMES BEING FICTITIOUS AND PRESENTLY UNKNOWN), jointly, severally, and alternatively, for compensatory damages, interest and costs of suit.

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiffs

By: _____
JARED E. DRILL

Dated: March 10, 2020

{00170092; 1}

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25, please be advised that Jared E. Drill, Esq. is hereby designated trial counsel with respect to the within matter.

## NOTICE OF INTENTION TO USE TIME UNIT MEASURE OF DAMAGES AT TRIAL

Plaintiff hereby places all parties on notice of its intention to use the Time Unit Measure of Damages at Trial.

## JURY DEMAND

Pursuant to R. 4:35-1, Plaintiff(s) demand a trial by jury as to all issues so triable.

## CERTIFICATION

In accordance with R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of another action either pending in any Court or in an arbitration proceeding. Nor are any other actions or arbitration proceedings is contemplated. To the best of my knowledge, there are no other parties who should be joined as parties in this action.

Further, in accordance with R. 4:5-1(b)(3), I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

THE VESPI LAW FIRM, LLC<br>
Attorneys for Plaintiffs<br>
By: _____<br>
JARED E. DRILL

Dated: March 10, 2020

{00170092; 1}

12

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiffs hereby demands answers to **Uniform Interrogatories Form C and Form C(4)** within sixty (60) days of the filing of Defendants' Answer to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff(s) hereby demands answers to the **Supplemental Interrogatories, Attached as Exhibit A,** within sixty (60) days of the filing of Defendants' Answer to this Complaint.

                                        THE VESPI LAW FIRM, LLC
                                        Attorneys for Plaintiffs

                                        By: _____
                                            JARED E. DRILL

Dated: March 10, 2020

## DEMAND FOR THE PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that in accordance with the Rules of Civil Practice and Procedure, you are hereby required to provide originals or certified copies of the following documents, records and data, as set forth herein, pursuant to R. 4:18-1, and to permit the undersigned attorneys, or their representatives, to inspect and copy same at The Vespi Law Firm, LLC located at 547 Union Boulevard, Second Floor, Totowa, New Jersey.

**PLEASE TAKE FURTHER NOTICE** that the term "document" as used herein shall include any written, recorded or graphic matter, or any tangible thing pertaining to the subject matter of the request, including photographs, regardless of the manner in which it was produced or recorded, whether originated or received by any and all parties (including documents originated from any party to the subject litigation). If any document was, but is no longer, in your possession, set forth a summary of its contents and state what disposition was made of it, the date of disposition, and whether a copy thereof reposes in the possession or custody of any other person, firm or corporation and if so, please indicate the name and present address of same.

**PLEASE TAKE FURTHER NOTICE** that each request for a document shall be deemed to call for the production of the original document to the extent that it is in or subject, directly or indirectly, to your control. In addition, each request should be considered as including all copies and all preliminary drafts of documents, including negatives of photographs, which, as to content, differ in any respect from the original or final draft, or from each other (e.g.) by reason of hand written notes or comments having been added to one copy of the document but not to the original of the copies thereof.

**PLEASE TAKE FURTHER NOTICE** that you are required to make your written response to the foregoing request in accordance with R. 4:18-1(b) and to serve same upon the undersigned not later than thirty (30) days after the service of this request.

Please produce on the date, time and place set forth above, the following:

1. Any and all documents evidencing the corporate status of Defendant.

2. Any and all documents evidencing the shareholders or members of Defendant.

3. Any and all documents referring or relating to the sale of materials, product and/or services to any other party, including without limitation, purchase orders, receipts, invoices and contracts.

4. Any and all documents reflecting communications between you and co-Defendants in this matter.

{00170092; 1}                                    14

5. Any and all documents relating to the area rug provided to any other party.

6. Any and all documents received from the supplier of the area rug, to you.

7. Any and all agreements between you and the supplier of the area rug which is the subject matter of this lawsuit.

8. Any and all expert reports.

9. Any written admission by any party.

10. Any and all written agreements among the parties.

11. Any and all written modifications, alterations or supplementations to any agreement among the parties.

12. Any and all written warranties regarding the subject area rug.

13. Any and all correspondence and/or writings between the parties relating to the subject matter of this suit (including e-mails).

14. Any and all correspondence and/or writings between the Defendants and any other person relating to the subject matter of this suit (including e-mails).

15. Any documents identified in answers to interrogatories or requested to be produced in interrogatories propounded on Defendants.

16. Any and all documents which Defendants intend to use or rely upon at trial.

17. Any and all documents which in any way relate to the claims specified in Plaintiff's complaint.

18. Any and all instructions or documents reflecting instructions regarding the subject area rug, by Defendants.

19. The complete design file of the subject area rug, including but not limited to, all drawings and drawing revisions, all formula and formula revisions.

20.  Any and all documents which in any way relate to any and all tests and experiments performed on the subject area rug.

21.  Any and all accident and/or incident reports and records related in any way to the area rug.

22.  Any and all documents relating to any recalls, retrofits, trade-in programs, and customer notification programs related to the subject area rug.

23.  The complete labeling and warning file for the subject area rug.

24.  Copies of any and all personal injury Complaints filed against any of the Defendants and the Answer filed to any such complaint.

25.  Copies of any and all answers to interrogatories by the defendants in previous personal injury litigation.

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiffs

By: _____
JARED E. DRILL

Dated: March 10, 2020

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b), demand is hereby made that Defendants disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If such agreements or policies exist, provide a copy of each forthwith.

                                                  THE VESPI LAW FIRM, LLC
                                                  Attorneys for Plaintiffs

                                      By: _____
                                                JARED E. DRILL

Dated: March 10, 2020

{00170092; 1}                              17