**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH WIATRAK, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NATCO HOME FASHIONS, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 2:21-cv-03758 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are Defendants Central Oriental Home Fashions, Inc. ("Central Oriental") and Natco Products Corporation's ("Natco Products") (collectively, the "Moving Defendants") Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.[1] (ECF Nos. 38, 39.) Plaintiffs Kenneth Wiatrak and Rona Wiatrak ("Plaintiffs") opposed. (ECF No. 41.) Central Oriental and Natco Products filed their respective replies. (ECF Nos. 42, 43.) Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Moving Defendants' Motions for Summary Judgment are **DENIED**.

**I.　BACKGROUND**

This case arises out of Plaintiff Kenneth Wiatrak's alleged slip and fall while standing on a comfort mat purchased at BJ's Wholesale Club, Inc. ("BJ's Wholesale") on March 11, 2018.

---

[1] Central Oriental and Natco Products filed separate, respective Motions. (ECF Nos. 38, 39.)

(Second Am. Compl. (ECF No. 9) ¶ 2.) On March 10, 2020, Plaintiffs filed their original Complaint in the Superior Court of New Jersey, naming Natco Home, Flemish Master Weavers, BJ's Wholesale Club Holdings, Inc.,[2] and other fictitious party defendants, alleging they were involved in the chain of distribution of the mat. (Compl. (ECF No. 1-4).)

On September 4, 2020, Plaintiffs amended their Complaint and added Home Dynamix, a New Jersey company, as a defendant, alleging Home Dynamix was also in the chain of distribution of the mat. (First Am. Compl. (ECF No. 1-5) at 3).) On February 17, 2021, Plaintiffs agreed to dismiss Home Dynamic with prejudice. (ECF No. 1-10.)

On March 1, 2021, BJ's Wholesale removed the case to this Court.[3] (Notice of Removal (ECF No. 1).) On April 30, 2021, Plaintiffs filed a Second Amended Complaint without leave of Court, naming Natco Products and Central Oriental as defendants for the first time.[4] (ECF No. 9.)

---

[2] The Complaint initially pleaded defendants as Natco Home, Flemish Master Weavers, and BJ's Wholesale Club Holdings, Inc., but Plaintiffs subsequently amended their pleadings to name defendants Natco Home Fashions, Inc., Flemish Master Weavers, Inc., and BJ's Wholesale Club, Inc. (ECF Nos. 1-4, 9.)

[3] BJ's Wholesale's removal notice states Plaintiffs' January 13, 2021 response to requests for admission that the claimed damages exceed $75,000 constituted "other paper" pursuant to 28 U.S.C. §1446(b) to support removal. (ECF No. 1 ¶ 24.) However, if the Court is to rely on this statement, removal filed on March 1, 2021 would be untimely. *See* 28 U.S. Code § 1446 (providing defendants have thirty-days to remove upon receipt of "other paper"). Nonetheless, in its notice of removal, BJ's Wholesale also contends diversity of citizenship was created when Plaintiff agreed to dismiss a non-diverse defendant on February 17, 2021 (ECF No. 1 ¶¶ 18, 25.) To promote judicial economy, the Court concludes it has subject matter jurisdiction over this case. *See Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 101, 102 (1898) (holding that a case nonremovable at the outset of suit may become removable only through the voluntary act of the plaintiff).

[4] To promote judicial economy, the Court will accept Plaintiff's Second Amended Complaint (ECF No. 9.) Nontheless, the Court must point out Plaintiffs did not seek leave to file an amended complaint to add new parties. (ECF No. 9.) This alone allows the Court to strike Plaintiffs' Second Amended Complaint. *Kamdem-Ouaffo v. Task Mgmt. Inc.*, Civ. A. No. 17-7506, 2018 WL 3360762, at *74 (D.N.J. July 9, 2018) ("The Court will strike any purported amended complaint filed without a motion seeking leave to amend."). District courts are under no obligation to accept amendments to a complaint in the absence of a proper motion accompanied by a proposed amended

On November 22, 2021, Central Oriental filed its Motion for Summary Judgment. (ECF No. 38.) On November 30, 2021, Natco Products filed its Motion for Summary Judgment. (ECF No. 39.) On December 20, 2021, Plaintiffs filed an opposition. (ECF No. 41.) On December 23, 2021, Central Oriental filed a reply (ECF No. 42), and on December 27, 2021, Natco Products filed its reply (ECF No. 43).

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v.*

---

complaint. *See e.g., Ranke v. Synofi-Synthelabo Inc.*, 436 F.3d 197, 205–06 (3d Cir. 2006) (holding it was not an abuse of discretion for district court to not grant leave to amend complaint when plaintiff did not properly request it). In addition, Plaintiffs' Second Amended Complaint does not comply with the pretrial scheduling order by the Honorable Jessica S. Allen, U.S.M.J., ordering any motion to add new parties or amend the pleadings "must include, as an exhibit in support of the motion, a black-lined or red-lined version of the proposed amended pleading that shows any changes." (Pretrial Scheduling Order (ECF No. 7) ¶ 12.) All parties are reminded to comply with court orders.

*Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (citing *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex*, 477 U.S. at 323. If the moving party bears the burden of persuasion at trial, summary judgment is appropriate only if the evidence is not susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either: (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 331 (citations omitted). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

### III. DECISION

Plaintiff's initial complaint named the Moving Defendants as fictitious defendants. (ECF No. 1-4.) Under New Jersey law the applicable statute of limitations in this case is two years. N.J. Stat. Ann. § 2A:14-2. The parties do not dispute Plaintiffs' original Complaint was filed within the statute of limitations period but expired before the Second Amended Complaint was filed. (ECF No. 38 at 6–7; ECF No. 39 at 4; ECF No. 41 at 4.) Therefore, the Moving Defendants' Motions for Summary Judgment turn on whether Plaintiffs have satisfied New Jersey's fictitious defendant rule to toll the statute of limitations from the date the original complaint was filed. The parties dispute whether Plaintiffs proceeded with due diligence in both ascertaining the true name of the fictitious defendants and amending the Complaint to identify the Moving Defendants under the New Jersey fictitious defendant rule. (ECF No. 38 at 7; No. 39 at 3.)

As a preliminary matter, Plaintiffs amended the complaint after the case was removed to this Court based on diversity. (ECF No. 1 ¶ 20.) Pursuant to the *Erie* doctrine, "[a] federal court sitting in diversity must apply state substantive law and federal procedural law." *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000). Federal Rule of Civil Procedure 15(c) permits an

amended pleading to relate back to the date of the original complaint.[5] Under Rule 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1). Federal courts "may apply the state law that establishes the limitations period to determine whether relation back is permissible." *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 353 (3d Cir. 2004). Moreover, "federal courts within the Third Circuit have recognized that pursuant to Fed. R. Civ. P. 15(c), plaintiffs may avail themselves of New Jersey's fictitious defendant rule to toll the statute of limitations in tort actions." *Weigel v. Griffin*, Civ. A. No. 17-4361, 2018 WL 6259241, at *4 (D.N.J. Nov. 30, 2018). Therefore, the Court must analyze whether Plaintiffs properly invoke New Jersey's fictitious defendant rule.

New Jersey's fictitious defendant rule provides: "In any action . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J. Ct. R. 4:26-4. For New Jersey's fictitious defendant rule to operate, "[a] specific claim must be filed against a described, though unnamed party, within the statute of limitations and plaintiff must diligently seek to identify the fictitiously-named defendant" which is "the backdrop for [the] inquiry." *Greczyn v. Colgate-Palmolive*, 869 A.2d 866, 870 (N.J. 2005). Because the parties only dispute whether Plaintiffs proceeded with due diligence in both ascertaining the true name of the fictitious defendant and amending the Complaint to correctly identify the Moving Defendants (ECF No. 38 at 7; No. 39 at 3.), the Court focuses its inquiry to that one element of the fictitious defendant rule.

---

[5] The parties do not address Federal Rule of Civil Procedure 15 in their submissions.

"The New Jersey Supreme Court has not provided a standard definition of diligence, since 'the meaning of due diligence will vary with the facts of each case.'" *See DeRienzo*, 357 F.3d at 354 (quoting *O'Keeffe v. Snyder*, 416 A.2d 862, 873 (N.J. 1980)). Nonetheless, the New Jersey Supreme Court has instructed that the fictitious defendant rule must be applied liberally when "[j]ustice impels strongly towards affording the plaintiffs their day in court on the merits of their claim[.]" *See Farrell v. Votator Div. of Chemetron Corp.*, 299 A.2d 394, 400 (N.J. 1973). This instruction is consistent with the federal policy of liberally granting leave to amend "unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Therefore, the Court will broadly interpret the diligence requirement as one of a "good faith" effort by a plaintiff to determine the fictitious party's identity. *Carroll v. SetCon Indus. Inc.*, Civ. A. No. 10-04737, 2011 WL 736478, at *6 (D.N.J. Feb. 23, 2011). "The threshold for sufficient diligence [under New Jersey's fictitious defendant rule] is generally met when a plaintiff 'consistently [takes] steps to identify' a defendant's name before and after filing a complaint." *See Carroll v. Setcon Indus., Inc.*, Civ. A. No. 10-4737, 2012 WL 3229159, at *5 (D.N.J. Aug. 6, 2012) (second alteration in original) (quoting *DeRienzo*, 357 F.3d at 353, 355).

The Moving Defendants contend Plaintiffs should have identified them when they filed their Second Amended Complaint. (ECF No. 38 at 7; ECF No. 39 at 4.) However, a mere failure to "not have taken further steps to discover [a fictitious defendant's] identity" will not bar the Court from finding Plaintiffs satisfied their due diligence requirements under New Jersey's fictitious defendant rule. *Derienzo*, 357 F.3d at 355 (3d Cir. 2004).

The Court finds Plaintiffs consistently took steps to identify the Moving Defendants. Plaintiffs' initial Complaint was filed on March 10, 2020. (Central Oriental's Statement of Material

Facts ("SUMF") (ECF No. 38) ¶ 1); Natco Products' SUMF (ECF No. 39) ¶ 1; Pls.' Resp. to SUMF (ECF No. 41) ¶ 1.) On August 19, 2020, Defendant Natco provided Answers to Interrogatories, responding that Central Oriental and Natco Products were involved in the distribution of the comfort mat in this matter. (ECF No. 38 ¶ 7; ECF No. 39 ¶ 7; ECF No. 41 ¶ 7.) On September 4, 2020, Plaintiffs amended their Complaint and added Home Dynamix as an additional party, asserting Home Dynamix as a party manufactured and/or distributed the comfort mat in question. (ECF No. 38 ¶ 6; ECF No. 39 ¶ 8; ECF No. 41 ¶ 8.) In addition, Natco Home provided a contract between Natco Products and BJ's, which gave Plaintiffs the idea that Natco Home is the same company as Natco Products. (Pls.' SUMF (ECF No. 41) ¶ 14; Natco Products' Resp. to SUMF (ECF No. 43-1) ¶ 14.) And according to Plaintiffs' research, Central Oriental is a division of Natco Home. (ECF No. 41 ¶ 17.)

In light of these facts, the Court is satisfied Plaintiffs attempted in good faith to identify fictitious defendants who were in the chain of distribution of the mat described in the original Complaint, and prohibiting Plaintiffs from identifying the Moving Defendants based on Plaintiffs' unsuccessful attempts to identify them would be improper. *See Carroll v. SetCon Indus. Inc.*, Civ. A. No. 10-04737, 2011 WL 736478, at *15 (D.N.J. Feb. 23, 2011) ("In cases where courts found a lack of due diligence, the dismissals were based on the fact that the names and contact information of the fictitious defendants were contained in standard official documents readily available to the plaintiffs.").

Finally, "[o]ne additional factor in determining the applicability of [New Jersey's fictitious defendant rule] is whether the delay in amending the complaint prejudiced the newly-named defendant." *Derienzo*, 357 F.3d at 356. The Moving Defendants' only alleged prejudice is delay. (ECF No. 38 at 7; ECF No. 39 at 5.) The Court finds "no prejudice and no apparent reason why

[delay alone] should be dispositive" in this case. *Derienzo*, 357 F.3d at 357. Because the Moving Defendants make "no suggestion that the lapse of time has resulted in loss of evidence or impairment of ability to defend; nor is there any suggestion that the plaintiffs have been advantaged by it," "[j]ustice impels strongly towards affording the plaintiffs their day in court on the merits of their claim." *Farrell*, A.2d at 400. Therefore, New Jersey's fictitious defendant rule applies. The statute of limitations on Plaintiffs' claims is tolled as of the date the original Complaint was filed.

### IV. CONCLUSION

For the reasons set forth above, the Moving Defendants' Motions for Summary Judgment are **DENIED**.[6]

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2022

---

[6] Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Because fundamentally the issue before the Court is whether Plaintiffs' amendment of their Complaint to identify the Moving Defendants is proper, the Court finds the conclusion to allow Plaintiffs to amend their Complaint is consistent with the federal policy of liberally grant a motion for leave to amend a pleading where there is an absence of undue delay, bad faith, prejudice or futility. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).